UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Russell DeFreitas,<br><br>                                   Plaintiff,<br><br>-v-<br><br>The State of New York and Suffolk County,<br><br>                                   Defendants. | 2:24-cv-7813<br>(NJC) (AYS) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the tenth action commenced in this Court since July 24, 2023 by Russell DeFreitas ("DeFreitas"),[1] acting pro se, while incarcerated as a pretrial detainee at the Suffolk County Correctional Facility. (Compl., ECF No. 1.) The present complaint is

---

[1] *See DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:23-cv-5933 (E.D.N.Y. June 7, 2024) ("*DeFreitas I*") (amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2368 (E.D.N.Y. June 7, 2024) ("*DeFreitas II*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2918 (E.D.N.Y. June 7, 2024) ("*DeFreitas III*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Errol D. Toulon*, No. 2:24-cv-3394 (E.D.N.Y. June 7, 2024) ("*DeFreitas IV*") (Section 2241 petition dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz*, No. 2:24-cv-5264 (E.D.N.Y. Aug. 20, 2024) ("*DeFreitas V*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:24-cv-5035 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VI*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Senft*, No. 2:24-cv-6320 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VII*") (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"); *DeFreitas v. Senft*, No. 2:24-cv-06347 (E.D.N.Y. filed Sept. 9, 2024) ("*DeFreitas VIII*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas, et al. v. Tierney*, No. 2:24-cv-06856 (E.D.N.Y filed Sept. 25, 2024) ("*DeFreitas IX*") (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"). The present Complaint is DeFreitas's tenth filed case since July 24, 2023.

accompanied by a motion seeking leave to proceed *in forma pauperis* ("IFP") (IFP Mot., ECF No. 4), and a motion seeking the entry of a temporary restraining order and/or preliminary injunction enjoining Defendant Suffolk County from holding him in the general population and proceeding to trial in his state court prosecution under Indictment No. 71385-23. (Proposed OSC/TRO Mot., ECF No. 2.)

Because DeFreitas has already accumulated at least "three-strikes" pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"),[2] and his Complaint does not sufficiently allege that he is "under imminent danger of serious physical injury," his motion seeking leave to proceed IFP (IFP Mot., ECF No. 4) is denied.[3] 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (the three strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted"); *Cotton v. Noeth*, 96 F.4th 249, 254 (2d Cir. 2024) ("The PLRA bars a prisoner from proceeding *IFP* after receiving three such strikes, unless he is under imminent danger of serious physical injury.").

DeFreitas is ordered to pay the $405 filing fee within twenty-one (21) days of the date of this Order. Failure to do so will lead to the dismissal of his claims without prejudice and without

---

[2] The PLRA bars prisoners from proceeding IFP after three or more previous civil actions or appeals have been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] Because each of the following cases was dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) as bringing claims that were frivolous or malicious and/or that failed to state a claim upon which relief may be granted, the dismissal of each case constitutes a strike for purposes of 28 U.S.C. § 1915(g): *DeFreitas II*, No. 2:24-cv-2368 (E.D.N.Y.); *DeFreitas III*, No. 2:24-cv-2918 (E.D.N.Y.); *DeFreitas V*, No. 2:24-cv-5264 (E.D.N.Y.).

further notice and judgment will be entered. Further, DeFreitas is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case and he would thus be well-advised to review the Court's Orders in his prior cases addressing the same claims and/or events as are alleged in the present Complaint. DeFreitas is further advised that his payment of the filing fee does not exempt him from the Court's screening of his claims as required by 28 U.S.C. § 1915A(a), which requires the Court to screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss such a complaint "if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Should DeFreitas timely remit the filing fee, the Complaint shall be screened pursuant to 28 U.S.C. § 1915A(a).

The Court denies DeFreitas's motion seeking the entry of a temporary restraining order and/or preliminary injunction (ECF No. 2) without prejudice and with leave to renew upon payment of the filing fee.

The Clerk of the Court shall mail a copy of this Order to DeFreitas at his address of record, include the notation "Legal Mail" on the envelope, and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 21, 2024

                                              */s/ Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge