**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

<table>
<tr><td>

Russell DeFreitas,

      Plaintiff,

    -v-

State of New York, Suffolk County,

      Defendants.

</td><td>

2:24-cv-7813
(NJC) (AYS)

</td></tr>
</table>

<u>**MEMORANDUM AND ORDER**</u>

NUSRAT J. CHOUDHURY, United States District Judge:

On November 21, 2024, the Court denied Plaintiff Russell DeFreitas's ("DeFreitas") motion to proceed in forma pauperis and ordered DeFreitas to pay the filing fee within twenty-one (21) days of the Order. (Order at 2–3, ECF No. 11.) The Court warned DeFreitas that if he failed to pay the filing fee his claims would be dismissed without prejudice and judgment would be entered without further notice. (*Id.*) The Order was mailed to DeFreitas at his address of record and has not been returned to the Court as undeliverable. Rather than pay the fee as directed, DeFreitas filed an Amended Complaint.[1] (Am. Compl., ECF No. 15.)

---

[1] On November 23, 2024, DeFreitas filed an application to request the appointment of pro bono counsel. (Counsel App., ECF No. 13.) Given that the Court's November 21, 2024 Order was mailed on Friday, November 22, 2024, and DeFreitas's application was postmarked as Monday, November 25, 2024, it is likely that DeFreitas's application crossed with, and was not in response to, the Court's November 21, 2024 Order. (*See* Counsel App., at 1.) DeFreitas also filed a letter on December 26, 2024, requesting a reasonable accommodation to file the Amended Complaint. (ECF No. 14.) The letter does not respond to the Court's November 21, 2024 Order requiring payment of the filing fee in any way. (*Id.*)

The Court therefore considers the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these five factors, it is appropriate to dismiss this action without prejudice for failure to prosecute under Rule 41(b). The Court's November 21, 2024 Order required DeFreitas to pay the filing fee within twenty-one days, i.e. by December 13, 2024. (Order at 2–3.) Almost one and a half months has passed since that deadline, and DeFreitas has still not paid the filing fee. The Court's November 21, 2024 Order placed DeFreitas on notice that failure to pay the filing fee would result in dismissal of this action. (*Id.*) Defendants will be prejudiced by further delay. Although Defendants have not appeared in the action, Defendant State of New York filed a letter alleging lack of personal jurisdiction and insufficient service. (ECF No. 12.) Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with DeFreitas's interest in being heard.

Accordingly, the Amended Complaint is dismissed without prejudice pursuant to Rule 41(b). Given the dismissal of the Amended Complaint, the application to request the appointment of pro bono counsel (ECF No. 13) is dismissed as moot. The Clerk of the Court shall enter judgment accordingly and close this case.

2

The Clerk of the Court shall mail a copy of this Memorandum and Order to DeFreitas at his address of record, include the notation "Legal Mail" on the envelope, and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
January 28, 2025

                             /s/ Nusrat J. Choudhury
                             NUSRAT J. CHOUDHURY
                             United States District Judge